UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Randal Kent Hansen,

Petitioner,

v.

Warden M. Rios,

Respondent.

Case No. 19-cv-374 (JRT/TNL)

**REPORT AND RECOMMENDATION**

Randal Kent Hansen, FPC Duluth, P.O. Box 1000, Duluth, MN 55814 (*pro se* Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Erin M. Secord, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Warden M. Rios).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Randal Kent Hansen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1) and Petition/Motion for Immediate Release (ECF No. 3). This action has been referred to the undersigned magistrate judge for a Report and Recommendation to the Honorable John R. Tunheim, United States Chief District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition and motion be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is incarcerated at the Federal Prison Camp in Duluth, Minnesota, where he is serving a 108-month prison sentence. (ECF No. 10, p. 2; 10-1, p. 2-3). His current

projected release date is May 1, 2022. (ECF No. 10-1, p. 3). Petitioner is 71 years old. (ECF No. 3, p. 3).

On February 14, 2019, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and a Petition/Motion for Immediate Release (ECF No. 3). Petitioner argued that, if his good time credit was deducted from his total sentence, he should be released immediately under the Second Chance Act, a law that permits the release of certain offenders who are over the age of 60 and who have served two-thirds of their sentence. (ECF No. 1, p. 6; ECF Nos. 6 & 13). (ECF No. 6, 13). Petitioner also argues that he is eligible for Compassionate Release or a Reduction in Sentence under 18 U.S.C. §§ 3582 and 4205(g). (ECF No. 1, p. 6).

The Government answered the Petition on June 10, 2019. (ECF No. 9). The Government notes that Petitioner is not yet eligible for relief under the Second Chance Act. (ECF No. 9, p. 3) because he has not served two-thirds of his sentence. (ECF No. 10, p. 5). The Government further argues that even if Petitioner were eligible for relief, the Second Chance Act would not require that Petitioner be released. The Government also argues that this Court lacks jurisdiction to consider Petitioner's request for compassionate relief. Petitioner filed a reply memorandum on June 27, 2019. Following that filing, the Court took the matter under advisement.

## II.   ANALYSIS

A person detained by the government may file a writ of habeas corpus to challenge the legality of his or her confinement and, if successful, obtain his or her release. *See Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). A person is not entitled to

habeas relief unless he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is the appropriate vehicle for an inmate who seeks an earlier release from prison. *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014)

Petitioner argues that he is eligible for immediate release under the Second Chance Act, as amended on December 21, 2018 by the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5238. The Second Chance Act requires the Attorney General, to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from [BOP] facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). In administering this program, the Attorney General "may release some or all or eligible elderly offenders . . . to home detention[.]" *Id.*, § 60541(g)(1)(B). To be an eligible elderly offender, the inmate must, among other things, be at least 60 years old and served at least two-thirds of his or her term of imprisonment. *Id.*, § 60541(g)(5)(A).

In this case, the BOP determined that Petitioner was ineligible for release under the Second Chance Act because he has not served two-thirds of his sentence. (ECF No. 10). Petitioner asserts, however, that before determining whether he has served two-thirds of his sentence, the BOP must deduct his good time credit from his sentence. He argues that if the BOP does so here, he is eligible for relief. (ECF No. 6, 13). The Court need not resolve this question.[1] Even if the Court were to assume without deciding that the BOP

---

[1] It is not clear if Petitioner also intended to challenge the calculation of his good conduct time. In passing the First Step Act, Congress modified the way in which good time credit is calculated. *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194; *see also United States v. Daniels*, No. 11-cr-1, 2019 WL 2354388, at *4 (D. Conn.

3

must first deduct good time credit before calculating whether an inmate has served two-thirds of his or her sentence, Petitioner's argument would fail because the Second Chance Act does not mandate his release.

The Second Chance Act authorizes only one person – the Attorney General – to release a prisoner to home confinement. 34 U.S.C. § 60541(g)(1)(B). The Act gives the Court no such authority. *See United States v. Egan*, No. 10-cr-191, 2019 WL 1552266, at *1 (S.D.N.Y. Apr. 10, 2019) (collecting cases holding the same). This policy is consistent with long-standing legal authority holding that the Attorney General has nearly unfettered discretion to determine where prisoners should be housed. *Id*. The plain language of Section 60541(g) is consistent with that authority; nothing in the statutory language suggests Congress intended the Second Chance Act to modify or limit the Attorney General's discretion regarding the housing of prisoners. Accordingly, the Court cannot grant Petitioner the relief that he seeks.

In addition, Section 60541(g) does not require the Attorney General to release an eligible elderly offender to home confinement. It states only that the Attorney General "*may* release some or all or eligible elderly offenders[.]" 34 U.S.C. § 60541(g)(1)(B) (emphasis added). The term "may" is permissive and, as used here, provides the Attorney General the authority, but not the obligation, to release every eligible offender to home

---

June 4, 2019) (explaining modifications). The practical effect of this change is that prisoners receive an additional 7 days of good conduct time for each year of imprisonment. *Daniels*, 2019 WL 2354388, at *4. This system does not go into effect, however, until the Attorney General completes its risks and needs assessment. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5196. Based on record before the court, that assessment has not yet been completed. Even if it were, for the reasons discussed later in this Report and Recommendation, it would not alter the fact that Petitioner is not entitled to release under the Second Chance Act.

4

confinement. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (contrasting terms "may" and "shall"). The phrase "some or all" further establishes that not all eligible elderly offenders must be released. Put another way, the fact that a person is eligible for release to home confinement under the Second Chance Act does not require that he or she be released. Petitioner fails to show that his continued detention violates the Second Chance Act.

Petitioner also fails to show that his continued detention violates his constitutional rights. An inmate has no constitutional right to be released prior to the expiration of a lawful sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). It is also well established "that a prisoner has no constitutional right to confinement in any particular place, including in home confinement." *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, No. 19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019). For this reason as well, the Court concludes that Petitioner's request for habeas relief must fail.

Petitioner also seeks relief under 18 U.S.C. § 3852(c), which allows a Court to modify a sentence if justified by "extraordinary and compelling reasons." 18 U.S.C. § 3852(c)(i). This Court has no jurisdiction to consider that argument. A request for relief under 18 U.S.C. § 3852(c) does not relate to the fact or duration of the sentence. *See Waters v. Rios*, No. 17-cv-1367, 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017); *Smoke v. United States*, No. 09-cv-2050, 2009 WL 5030770, at *3 (D. Minn. Dec. 14, 2009). Nor does it relate to a claim that a person is in custody in violation of his or her rights under the Constitution or federal law. *Id.* As a result, a Section 2241 habeas petition is not the proper

vehicle for presenting seeking such relief. *Id.* Accordingly, the Court recommends that Petitioner's request for relief under 18 U.S.C. § 3852(c) be denied.[2]

Finally, the Court recommends that Petitioner's motion for immediate release be denied for the same reasons that the Court provided regarding the merits of the Petition and that no evidentiary hearing be held. The dispute can be resolved on the basis of the record and legal arguments submitted by the parties. *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir. 1983).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE** and that Petitioner's Petition/Motion for Immediate Release (ECF No. 3) be **DENIED**.

Date: July 18, 2019
          *s/ Tony N. Leung*
          Tony N. Leung
          United States Magistrate Judge
          District of Minnesota

          *Hansen v. Rios*
          Case No. 19-cv-374 (JRT/TNL)

---

[2] Petitioner also references 18 U.S.C. § 4205(g) in his petition. That statute was repealed in November 1987, but remains controlling law for inmates whose offenses occurred before that day. 28 C.F.R. § 572.40. Because Petitioner's offenses occurred after date, *see United States v. Hansen*, 791 F.3d 863, 865 (8th Cir. 2015) (noting Petitioner's offenses related to conduct that occurred in mid-2000s), his request is subject to 18 U.S.C. § 3852(c). 28 C.F.R. § 572.40.

## **NOTICE**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).