# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDAL KENT HANSEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN M. RIOS,<br><br>Respondent. | Civil No. 19-374 (JRT/TNL)<br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

Randal Kent Hansen, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* petitioner.

Ana H. Voss, Ann M. Bildtsen, and Erin M. Secord, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for respondent.

Petitioner Randal Kent Hansen is serving a 108-month sentence after a jury convicted him of mail and wire fraud. *See United States v. Hansen*, 791 F.3d 863, 865 (8th 8th Cir. 2015) (affirming the conviction). Hansen seeks a writ of habeas corpus under 28 U.S.C. § 2241 and has also filed a Petition/Motion for Immediate Release. Hansen asserts that he must be released immediately under the Second Chance Act as he is over 60 years old and has served two-thirds of his sentence.

Because the Court has no authority to grant a prisoner home detention under 34 U.S.C. § 60541(g), the Court will overrule Hansen's objections, adopt the Report and Recommendation ("R&R") issued by the Magistrate Judge, and deny Hansen's Petitions.

## BACKGROUND

Hansen is a 71-year-old man currently incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"). (Pet. at 1, 7; February 14, 2019; Docket No. 1). He is serving a 108-month term of imprisonment imposed by Judge Karen Schreier of the United States District Court of South Dakota. (*Id.* at 1; Decl. of Misty Jones ("Jones Decl.") ¶ 6, June 6, 2019, Docket No. 11).

Hansen filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Petition/Motion for Immediate Release on February 14, 2019. (Pet.; Motion, February 14, 2019, Docket No. 3.) Hansen argued that he is eligible for relief under the Second Chance Act, and that as a result he must be released immediately. The Government answered the Petition on June 10, 2019. (Response, June 10, 2019, Docket No. 9.) Hansen filed a Reply on June 27, 2019. (Reply, June 27, 2019, Docket No. 13.)

The Magistrate Judge issued an R&R recommending that Hansen's Petition for Habeas Corpus be denied and dismissed with prejudice, and that Hansen's Petition/Motion for Immediate Release be denied. (R&R at 6, July 18, 2019, Docket No. 14.) Hansen filed his Objections to the R&R on August 1, 2019. (Obj. to R. & R., Aug. 1, 2019, Docket No. 15.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ.

P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Hansen objects to the R&R's recommendation that his Petition and Petition/Motion be denied and dismissed. The Court will review the related findings de novo.

## II. THE SECOND CHANCE ACT

Hansen argues that the Second Chance Act requires his immediate release under a pilot program for certain elderly offenders. The Second Chance Act was amended in 2018 by the First Step Act of 2018 ("FSA"). Pub. L. 115–391, 132 Stat. 5194 (2018). As relevant to this case, the amended statute now reads:

> **(A) In general**
>
> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> **(B) Placement in home detention**
>
> In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.

34 U.S.C. § 60541(g)(1). In order to be eligible, the elderly offender must be at least 60 years old, and have served two-thirds of their term of imprisonment. 34 U.S.C. § 60541(g)(5)(A).[1]

## III. HANSEN'S OBJECTIONS

Hansen objects to the Magistrate Judge's finding that the Attorney General and the Bureau of Prisons have the sole discretion to place eligible inmates in home confinement.

The First Step Act mandates that Attorney General *shall* conduct a pilot program for elderly offenders. 34 U.S.C. § 60541(g)(1)(A). However, details of this pilot program are left to the discretion of the Attorney General, who "*may* release some or all eligible elderly offenders." 34 U.S.C. § 60541(g)(1)(B). *Id.* While the statute requires the creation of the pilot program, it leaves the implementation of the program, and any potential release of eligible offenders, to the discretion of the Attorney General. "This discretion is consistent with the Attorney General's–and by extension the Bureau of Prisons'–long-

---

[1] It is unclear whether Hansen is currently eligible for the Second Chance Act pilot program. At the time Hansen filed his Petition, FPC Duluth determined that Hansen was not eligible for the Elderly Home Confinement Program and would not become eligible until June 1, 2020. Jones Decl. ¶¶ 8-9. Hansen's projected release date, based on good conduct time calculation, was May 1, 2022. *Id.* In the time since these filings, the First Step Act's amendment to the BOP's method of calculation of good conduct time has taken effect with the publication of the Department of Justice's Risk and Needs Assessment. *See* First Step Act, Sec. 102(b)(2); U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019) (avail. at https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf). The amended formula for good conduct time increases the number of days that can be earned with good behavior. *See* 132 Stat. at 5210.

Hansen asserts that under the new formula, he has served more than two-thirds of his sentence. At the time of this Order, per the BOP's online inmate locator tool, Hansen's projected release date remains May 1, 2022. Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 20, 2019). The BOP website cautions that "Due to the First Step Act, sentences are being reviewed and recalculated to address pending Good Conduct Time changes. As a result, an inmate's release date may not be up-to-date." *Id.* For the purposes of this Order, the Court will assume without deciding that Hansen has served two-thirds of his sentence and is otherwise eligible for the Elderly Home Confinement Program.

standing unfettered discretion over where to house prisoners." *United States v. Egan*, No. 10 CR. 191 (JFK), 2019 WL 1552266, at *1 (S.D.N.Y. Apr. 10, 2019).[2]

Courts in this district and elsewhere have considered 34 U.S.C. § 60541(g) and found that district courts have no power to grant a prisoner early release to home confinement under 34 U.S.C. § 60541(g). *See, e.g., Chase v. Rios*, No. 19-CV-345 (NEB/SER), 2019 WL 2997054, at *2 (D. Minn. June 5, 2019), *report and recommendation adopted*, No. 19-CV-345 (NEB/SER), 2019 WL 2994469 (D. Minn. July 9, 2019) (collecting cases). To the contrary, the Bureau of Prisons and the Attorney General retain exclusive authority and discretion over the method and location of incarceration. *See generally Tapia v. United States*, 564 U.S. 319, 331 (2011) (While courts may "recommend that the BOP place an offender in a particular facility or program…decision making authority rests with the BOP.") Only the Attorney General and the BOP, not the Court, may modify Hansen's incarceration from PFC Duluth to home confinement. As a result, the Court will deny Hansen's Petitions for release to home confinement.

---

[2] Hansen cites to 18 U.S.C. § 3624(c) and suggests that release to home confinement is mandatory. That statute states that the BOP "shall, to the extent practicable," ensure that the final months of prisoners' terms are spent in conditions that will provide them with an opportunity to prepare for reentry, and that the BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(1)-(2). First, Section 3624(c) does not guarantee when or for how long a prisoner will be placed. *Winters v. Marques*, No. 18-CV-1019 (WMW/HB), 2018 WL 3831348, at *1 (D. Minn. Aug. 13, 2018). In any case, Section 3624(c)(2) applies only to pre-release home confinement in the last six months (at most) of a prisoner's term and so is not applicable here.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Hansen has not shown that reasonable jurists would find the issues raised in Hansen's habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

## CONCLUSION

The Court notes that once the BOP completes its implementation of the pilot program, Hansen may well qualify under its terms. But that is a decision reserved to the discretion of the Attorney General and the BOP. And it is quite clear that the Court, acting alone, has no authority to grant a prisoner home detention under 34 U.S.C. § 60541(g). The Court will therefore overrule Hansen's objections, adopt the Magistrate Judge's R&R, deny and dismiss Hansen's Petition for Habeas Corpus, and deny Hansen's Petition/Motion for Immediate Release.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Hansen's Objections to the R&R [Docket No. 15] are **OVERRULED** and the Magistrate Judge's

Report and Recommendation [Docket No. 14] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Hansen's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

2. Hansen's Petition/Motion for Immediate Release [Docket No. 3] is **DENIED.**

3. This action is **DISMISSED with prejudice.**

4. The Court does not grant a Certification of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 11, 2019　　　　　　　_____*John M. Tunheim*_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court